IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEONTAE CALDWELL, <br> TDCJ-CID No. 01903202, <br><br> Plaintiff, <br><br> v. <br><br> HECTOR RAMIREZ *et al.*, <br><br> Defendants. | §§§§§§§§§§ | 2:19-CV-018-Z-BR |



**MEMORANDUM OPINION AND ORDER
DISMISSING CIVIL RIGHTS COMPLAINT**

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed January 23, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

**FACTUAL BACKGROUND**

Plaintiff's claims are very difficult to decipher alone. Combined with the grievances he submitted — however — it appears Plaintiff claims Defendants (correctional officers) used the "walkie talkies" to spread misinformation about him and his family throughout TDCJ. ECF No. 3 at 4, 7–8. Plaintiff also references an incident where an unnamed correctional officer used force against him Plaintiff by shutting the food slot in his cell door on his arm. *Id.* at 4.

Plaintiff claims the correctional officer retaliated against him because Plaintiff confronted the correctional officers about the alleged spread of misinformation. *Id.* at 5. Plaintiff also claims TDCJ staff has told other TDCJ unit staff — specifically the Montford Unit, where mental health treatment is provided — to treat Plaintiff the same way and to continue to spread misinformation about Plaintiff and his family. *Id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

### ANALYSIS

A claim of verbal abuse and harassment is simply not cognizable in a federal civil rights action. *See Jane Doe 5 v. City of Haltom City*, 106 Fed. Appx. 906, 908 (5th Cir. 2004) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights"); *Calhoun v.*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

2

*Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."). A claim of injury solely to reputation is insufficient to establish liability under Section 1983. *See, e.g., Paul v. David*, 424 U.S. 693, 711–12 (1976) (concluding that damage to reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protections under § 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (same); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (finding that injury to reputation as a result of libel or slander in a false prison report does not give rise to § 1983 liability); *West v. Scott*, No. 2:15-CV-0224, 2015 WL 6460046, *5 (N.D. Tex. Oct. 23, 2015) (same).

To the extent that Plaintiff is seeking relief from the "misinformation" spread on "walkie talkies" about him and his family, the Court **DISMISSES** Plaintiff's claims as frivolous.

To the extent that Plaintiff is alleging a use of force claim, he has not identified any specific Defendant regarding the food slot incident and has failed to allege any injury. Section 1997(e), enacted as part of the Prison Litigation Reform Act ("PLRA"), provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." *See also Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997) (holding that a sore and bruised ear lasting for three days was *de minimus* and did not meet the physical injury requirement found in the PLRA). To state an Eighth Amendment claim, a prisoner must have "suffered at least some injury." *See, e.g., Lee v. Wilson*, 237 F. App'x 965, 966 (5th Cir. 2007) (affirming the dismissal of a prisoner's excessive force claim, holding that the prisoner's split lip was a *de minimus* injury and

the conduct was not repugnant to the conscience of mankind). Plaintiff has not alleged he suffered any injury because of the food slot incident. Thus, Plaintiff has failed to state a claim upon which relief can be granted for any use of force claim and the Court **DISMISSES** his use of force claim.

To establish a claim of relation, a prisoner must make more than mere conclusory allegations. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). To the extent that Plaintiff alleges a retaliation claim, Plaintiff has not alleged facts beyond conclusory allegations. As such, the Court **DISMISSES** Plaintiff's retaliation claim as frivolous.

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted.

SO ORDERED.

February 18, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE